### ALIMONY FOR MAINTENANCE AND AS A SHARE OF THE PROPERTY.

Circuit Court of Hamilton County.

ANNA LOUISE MADDEN v. JOHN E. MADDEN.

Decided, July 18, 1908.

*Husband and Wife—Marriage a Business Partnership—Dissolution of —Alimony—Revision of Decree on Account of Changed Circumstances—Termination of Allowance as of the Date of Re-marriage —Interpretation of the Words "Issues Joined" as Used in Decree —Determination as to Character of Alimony Which was Allowed —Section 5702.*

1. While the dissolution of a marriage works the dissolution of a business partnership, a court will not on a petition for alimony alone anticipate a decree for divorce and the consequent division of the property, unless the facts require it, and the judgment expressly shows that the allowance is made as a division of the property, and not for support of the wife.

2. Where the petition was for alimony alone, under Section 5702, and
    the allowance which was granted contained a provision for pay-
    ment in monthly installments, with a reservation in the decree of
    the right of either party, in the event of changed circumstances,
    to apply to the court for a modification or termination thereof,
    an application by the husband for a termination of the allowance
    will be granted, where it appears that subsequent to the making
    of the allowance she obtained a divorce and married another man
    who is abundantly able to support her in her former state.
3. In such a case evidence offered at the hearing for alimony, which
    tended to prove assistance by the wife in acquiring the property,
    will be regarded as presented for the purpose only of increasing
    the allowance, and it will be presumed that whatever increase the
    evidence warranted was merged in the judgment.

*Charles W. Baker*, for plaintiff.

*William Lindsay, Workum & Bowdle* and *Charles B. Wilby*,
contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The petitioner seeks to revise the decree for alimony entered
February 7, 1906, and the chief question presented is whether
the allowance was intended for the maintenance or support of
the wife, or a division of the husband's property. If the latter
it is final, but if the former it may be revised or terminated ac-
cording to the changed circumstances of the parties. The amend-
ed petition upon which the decree was granted was for alimony
alone under Section 5702, Revised Statutes, but contained an
averment that she materially assisted her husband in accumula-
ting his property, which averment was denied in the answer.

The court found "on the issues joined in favor of the plaint-
iff and that the plaintiff is entitled to reasonable alimony out
of the defendant's real and personal property as prayed for."
It is claimed that this finding includes the issue that the plaint-
iff assisted her husband in acquiring his property, and that the
alimony was allowed, not for the support of the wife, but as a
permanent division of the husband's property. The only is-
sues joined which entitled the plaintiff to reasonable alimony
were such only as were based upon the statutory grounds for
alimony. The efforts of the wife in acquiring the property were
relevant only to the amount or reasonableness of the alimony

and would have been considered by the court as well without as with the averment to that effect.

Suppose the court had found no statutory ground for granting alimony, would it nevertheless have proceeded to render a judgment in favor of the wife for her share of the property? We think not, as the very nature of the case requires such finding to support any judgment whatever.

In the case of *Weidman* v. *Weidman*, 57 O. S., 101, at 104, it is said:

"The property of the husband is usually the result of the joint efforts of both husband and wife, and upon dissolution of the marriage she is entitled to her equitable share of the property as alimony."

The dissolution of the marriage works a dissolution of a business partnership such as is averred in the amended petition; but a court will not, upon a petition for alimony alone, anticipate a decree for divorce and the consequent division of the property, unless the facts require it, and if they do then the judgment should expressly show that the allowance is made not for support of the wife, but as a division of the property.

Convincing evidence of the character of the alimony is found in the fact that no petition for divorce had been filed; in the provision for payment in monthly installments, and in the reservation by the decree itself of the right of the plaintiff or defendant, in the event of a change of circumstances, to apply to the court for a modification or termination thereof—all tending to show the allowance was intended as maintenance.

Whatever effect may have been given to the evidence tending to prove assistance of the wife in acquiring the property, was merged in the judgment for alimony and only increased the amount.

The changed circumstances relied on to terminate the allowance are the divorce subsequently granted to plaintiff and her marriage to another man, who is abundantly able to support her as in her former state. It is also admitted that plaintiff claims nothing by way of support.

Our conclusion therefore is that the alimony be terminated as of the date of remarriage.